# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

WALTER B. FARVER, JR.                                                                         PLAINTIFF
ADC #111328

V.                                      NO: 4:07CV00025 SWW/HDY

JAMES ROBINSON *et al.*                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District
     Judge (if such a hearing is granted) was not offered at the
     hearing before the Magistrate Judge.

1

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff filed his complaint on January 11, 2007, alleging that he broke a strap to his shower shoe, and reported it to Defendant Tim Connier on September 23, 2006. Plaintiff was told he would get a new shoe, but did not, so he went without a shower that night. Plaintiff raised the issue again with Connier the next day, but did not receive another shoe. When he asked an unnamed officer in "the tower" to remind the jailer he needed a shoe, Plaintiff was told that he could take a shower barefoot or not take one at all. Plaintiff then protested that he had not had a shower in two days because the shoe was broken, and was placed in the "hole" for more than 48 hours without clothes, a mat, tissue, or shoes.

### I. Screening

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are

legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). When making this determination, the Court must accept the factual allegations in the complaint as true, and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). Finally, a plaintiff's complaint still must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Analysis

The heart of Plaintiff's complaint appears to be that he was essentially denied a shower for two days because he was not given a shower shoe, and that he was placed in confinement without a mat, clothes, tissue, or shoes, for more than 48 hours. Taking everything Plaintiff says as true, Plaintiff has failed to state a claim upon which relief may be granted.

Plaintiff is in jail awaiting trial on pending charges, and waiting to attend a parole revocation hearing. Therefore, Plaintiff's conditions of confinement claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). Defendants violated Plaintiff's due process rights if the jail's conditions of confinement constituted punishment. *Id.* However, because, "[u]nder the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted

prisoners under the Eighth Amendment," courts apply the identical deliberate-indifference standard as that applied to conditions-of-confinement claims made by convicts. *Id*. (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)); *see also Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994). To prevail on a condition-of-confinement claim, inmates and pretrial detainees must show: (1) the condition was serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' or detainees' health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam).

Even if the Court accepts the dubious proposition that a shower shoe is essential equipment for a shower, such that the lack thereof amounts to a constructive denial of a shower, the fact that Plaintiff was denied a shower for two days does not state a constitutional violation. The Eighth Circuit has previously determined that a more restrictive shower schedule was not an Eighth Amendment violation. *See Abernathy v. Perry*, 869 F.2d 1146, 1149 (8th Cir. 1989)(inmate was allowed two showers per week while on investigative status for 35 days). Other Courts have reached similar results. *See Cosby v. Purkett*, 782 F.Supp. 1324, 1329 (E.D. Mo. 1992)(inmates allowed one shower every 72 hours in administrative segregation); *Heitman v. Gabriel*, 524 F.Supp 622, 628 (W.D. Mo. 1981)(twice weekly shower system not in itself a denial of specific rights). Thus, Plaintiff was not denied the minimal civilized measure of life's necessities, and was not exposed to a substantial risk of serious harm by being denied a shower for two days.

Plaintiff also contends that when he complained about his shoes missing, he was placed in the "hole," without clothes, a mat, tissue, or shoes for more than 48 hours. Such conditions simply do not amount to a constitutional violation. *See Smith v. Copeland*, 87 F.3d at 268-69 (finding no

violation where pretrial detainee was subjected to overflowed toilet in his cell for 4 days; analysis of confinement conditions must be based on totality of circumstances and, to prevail, inmate must show officers were deliberately indifferent to risk of harm posed by conditions); *Williams v. Delo*, 49 F.3d 442, 444-46 (8th Cir.1995)(placement of inmate in strip cell without his clothes, water, or mattress for four days did not violate Eighth Amendment; prison officials must know of and disregard excessive risk to inmate's health or safety).  Moreover, even if the conditions in the "hole" were sufficient to amount to punishment, Plaintiff has not alleged that any of the named Defendants were responsible for him being sent there, or for deprivations he encountered therein.  Accordingly, Plaintiff has not stated a claim for his hole time, either, and his complaint should be dismissed.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT

1.　Plaintiff's complaint (docket entry #2) be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.　This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.　The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this __22__ day of January, 2007.

*H. Daniel Young*

_____
UNITED STATES MAGISTRATE JUDGE